## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER:

JUAN EDUARDO COLON MARRERO
JUANA MARIA CORREA QUINONES
    Debtor(s)

FIRSTBANK PUERTO RICO
    Movant

CASE NO.: 22-00979 (MCF)

**CHAPTER 13**

(X) An action against the State under Title 11 USC §1307(c) (1) and §1307(c) (6), Title 11 USC §1326

## MOTION TO DISMISS

TO THE HONORABLE COURT:

    Comes now Movant, **FIRSTBANK PUERTO RICO**, through its undersigning attorney, and very respectfully ALLEGES, STATES and PRAYS:

    1. This Honorable Court have jurisdiction under Title 28 USC §1334, and venue under Title 28 USC §1408, and particularly regarding this matter under Title 11 USC §1307(c) (1), (4) and (6), on Conversions and Dismissals, and Title 11 USC §1326, on Payments.

    2. Debtor filed a bankruptcy case under chapter 13 back on April 4, 2022. See, Dck no 1

    3. MOVANT, standing to address this court is ascertained as filed a claim to an auto for $20,945.34. See, Clm. 3.

    4. As of to June 24, 2022, debtor(s) already appear to have following installments owed to the chapter 13 Trustee: $475.00, for one (1) month in arrears prior to confirmation. This may hinge confirmation under 11 USC 1325 (a) (6). See, Attachment A.

    5. Under the terms of the proposed plan dated June 15, 2022, (as amended), debtor(s) should have started to make continues payments since May 4, 2022, and it appears the debtor(s) have failed to do so. See, Dck 16 and 19.

    6. Pursuant to the Service Members Civil Relief Act: - the data banks of the Department of the Defense Manpower Data Center confirmed that the debtor(s) is (are) not member(s) of the Uniformed Services (US Armed Forces, Navy, Marine Corps, Air Force, NOAA, Public Health, and Cost Guard.) See, Attachment B and C.

For the reasons stated above, MOVANT respectfully request from this Court to enter an order dismissing the present case pursuant Title 11 USC §1307(c)(1) on ~~Unreasonable delay by debtor that is prejudicial to Creditors,~~ (5) ***denial of confirmation of a plan under 1325 of this title and denial of a request made for additional time***

*for filing another plan or a modification of a plan,* 11 USC §1326 (a) (1) *Unless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed, payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier,* and (6) on *Material default by the debtor with respect to a term of a confirmed plan,* and ~~Title 11 USC §1324 (b) *on hearing of confirmation that shall to be held not earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341 (a)*~~.

*The aforementioned request of dismissal is based on congressional intent to prevent bankruptcy abuse*

## NOTICE

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.
Puerto Rico Local Bankruptcy Rule 9013-1(h)

In San Juan, Puerto Rico, on July 8, 2022.

## CERTIFICATE OF SERVICE

**I hereby certify** that a copy was served by CM/ECF at the authorized address: - to all creditors, - to Atty. Alejandro Oliveras // Atty. José Carrión Morales, as Chapter 13 Trustee, and - to the attorney of the debtor(s) ROBERTO FIGUEROA CARRASQUILLO, and to debtor(s) by regular mail at the address on record, JUAN EDUARDO COLON MARRERO & JUANA MARIA CORREA QUINONES, at URB VILLA CADIZ I, 1 VEREDA ST., CAGUAS, PUERTO RICO 00727.

BY: /s/ María M. Benabe Rivera
María M. Benabe Rivera
Attorney for Movant – US – DC 208906
Maricarmen Colón Díaz – US – DC 211410
FIRSTBANK Puerto Rico
Centro de Servicios al Consumidor – Código 248
1130 Muñoz Rivera Ave., Rio Piedras, P R
PO Box 9146, San Juan, PR 00908-0146
maria.benabe@firstbankpr.com
(787)729-8135 / (787)729-8276 / [Rev.6/2022]

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: **JUAN EDUARDO COLON MARRERO**<br>SSN xxx-xx-9827<br>**JUANA MARIA CORREA QUINONES**<br>SSN xxx-xx-4452<br>Debtor(s) | CASE NO: **22-00979-MCF**<br><br>**Chapter 13** |

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO***

Total Agreed: **$4,000.00**   Paid Pre-Petition: **$132.00**   Outstanding (Through the Plan): **$3,868.00**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325

**Debtor's/s' Commitment Period:** ☑ Under Median Income 36 months   ☐ Above Median Income 60 months §1325(b)(1)(B)
☐ The Trustee cannot determine debtor's/s' commitment period at this time.   Projected Disposable Income: **$0.00**

**Liquidation Value: $0.00   Estimated Priority Debt: $0.00**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the (amended) Plan date: **Jun 15, 2022  (Dkt 16)**   **Plan Base: $28,616.00**

**The Trustee:**   ☐ **DOES NOT OBJECT**   ☑ **OBJECTS** Plan Confirmation   Gen. Uns. Approx. Dist.: 0 %

The Trustee objects to confirmation for the following reasons:

[1325(a)(4)] Plan fails Creditors Best Interest Test.

- Trustee objects Debtor exemption over the real property because he does not have an interest over the property. This property only belongs to joint debtor. The case's liquidation value is subject to change.

[1325(a)(6)] Payment Default Feasibility – Debtor(s) is in default with proposed plan payments, to the trustee and/or creditor(s).

Debtor is one payment, or $475.00, in arrears with the Trustee. The pending payment pertains to the month of June 2022, which became due on the 4th day of the month.

[1325(a)(6)] Insufficiently Funded – Plan funding insufficient to comply with plan scheduled distribution or no sufficient information to determine it.

The minimum base needed totals approximately $29,600.00. The plan calc with the minimum base needed as been submitted to Debtor's counsel for evaluation. The insurance expense totals approximately $1,512.00.

Ultimately, the minimum base needed will depend on the case's liquidation value which is yet to be determined.

*OTHER COMMENTS / OBJECTIONS

NONE.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

*Attachment A*

Department of Defense Manpower Data Center
Results as of : Jul-08-2022 03:50:15 PM
SCRA 5.13



## Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-4452 |
| Birth Date: | Jun-XX-1950 |
| Last Name: | CORREA QUINONES |
| First Name: | JUANA |
| Middle Name: | MARIA |
| Status As Of: | Jul-08-2022 |
| Certificate ID: | DW17TY6VX2K4Z12 |

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

*Attachment B*

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Department of Defense Manpower Data Center

Results as of : Jul-08-2022 03:53:15 PM
SCRA 5.13



Status Report
Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-9827 |
| Birth Date: | Mar-XX-1965 |
| Last Name: | COLON MARRERO |
| First Name: | JUAN |
| Middle Name: | EDUARDO |
| Status As Of: | Jul-08-2022 |
| Certificate ID: | 8GL5WJ849DNNP3S |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

*Attachment C*